# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVE PIERRE, | : | CIVIL ACTION NO. **1:CV-12-1869** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : | |
| Respondents | : | |

...................................................................................................................................

| | | |
|---|---|---|
| DAVE PIERRE, | : | CIVIL ACTION NO. **1:CV-13-1441** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| CRAIG A. LOWE, WARDEN, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Procedural Background.

On December 27, 2010, Petitioner, Dave Pierre, a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), formerly confined at York County Prison, filed a prior Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, with this Court. *See Pierre v. Sabol*, Civil No. 10-2634, M.D. Pa. Petitioner, proceeding *pro se*, named as Respondent Mary Sabol, Warden of the York County Prison ("YCP"), where the Petitioner was confined at the time. After Petitioner's 10-2634 habeas petition became ripe, we issued a Report and Recommendation ("R&R") on May 20, 2011, and we recommended that Petitioner Pierre's Petition for Writ of Habeas Corpus be granted to the extent that Petitioner should have been afforded a *Joseph* hearing before an Immigration Judge within thirty (30) days.[1] We also

---

[1] *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). At a *Joseph* hearing, a detainee may avoid mandatory detention under §1226(c) by demonstrating that he is not an alien, was not

-1-

recommended that Petitioner Pierre's Habeas Petition, to the extent he claimed that his detention by ICE at YCP was prolonged for an unreasonable length of time, be denied. On June 20, 2011, the Court issued an Order in Petitioner 's 10-2634 case and adopted our unopposed R&R, and directed the Department of Homeland Security ("DHS") to hold a *Joseph* hearing for Petitioner before an Immigration Judge within thirty days. The Court also denied Petitioner's habeas petition in all other respects.

Subsequently, on July 15, 2011, Petitioner filed a Motion for Relief from Judgment, pursuant to Fed. R. Civ. P. 60(b)(6), regarding the Court's June 20, 2011 Order in his 10-2634 case. On September 27, 2011, the Court issued a Memorandum and Order in Petitioner's 10-2634 case regarding Petitioner's Motion for Relief from Judgment. (Doc. 23, 10-2634). *See* 2011 WL 4498822 (M.D. Pa.). The Court stated that DHS complied with its June 20, 2011 Order and held a *Joseph* hearing in Petitioner 's case on June 24, 2011. The Court stated that the Immigration Judge denied relief in the *Joseph* hearing since Petitioner was subject to a final removal order and no longer in custody of ICE under 8 U.S.C. §1226(c). Thus, the Immigration Judge found that he had no jurisdiction to hold a *Joseph* hearing. In his Motion for Relief from Judgment, Petitioner argued that the Immigration Judge's decision violated the Court's June 20, 2011 Order. Petitioner also argued that his continued detention violated due process. The Court found that the Immigration Judge's decision did not violate its June 20, 2011 Order. The Court also found that Petitioner's continued detention by ICE in his 10-2634 case did not violate due process. The Court indicated that after it issued its June 20, 2011 Order, *i.e.*, on August 30, 2011, the Board of Immigration Appeals ("BIA") reversed the Immigration Judge's May 31, 2011 Order in Petitioner's immigration case denying Petitioner withholding from removal, and the BIA remanded Petitioner's immigration case for further proceedings, including considering evidence on Petitioner 's request for withholding of removal. The Court found that

---

convicted of the predicate crime, or that DHS is otherwise substantially unlikely to establish that is in fact subject to mandatary detention. *Demore v. Kim*, 538 U.S. 510, 514, n.3 (2003)(citations omitted).

the events which transpired in Petitioner 's immigration case after it issued its June 20, 2011 Order did not have relevance to the Court's finding that Petitioner's continued detention at that time (a little over one year) did not violate due process. The Court cited to the Third Circuit Court's decision in *Diop v. ICE/DHS*, 656 F.3d 221, 2011 WL 3849739, at *7, *9 (3d Cir. 2011), and found that the due process analysis in our R&R issued in Petitioner's 10-2634 case was in basic accord with *Diop*. The Court also stated in its September 27, 2011 Memorandum that if Petitioner continued to be detained without being released or removed to Antigua, he could file another §2241 habeas petition challenging his detention by ICE. Thus, on November 23, 2011, Petitioner Dave Pierre, still a detainee of ICE, filed another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See Pierre v. Sabol*, Civil No. 11-2184, M.D. Pa. (Doc. 1). Petitioner named as Respondent Mary Sabol, Warden of the York County Prison ("YCP"), where Petitioner was confined.[2] Petitioner challenged his continued detention by ICE at YCP pending his second removal hearing.

On March 9, 2012, we issued an R&R in Petitioner's Civil No. 11-2184 case, and recommended that Petitioner's Habeas Petition (Doc. 1), to the extent that it challenged his continued detention under §1226(c), be dismissed, and to the extent that it challenged his continued detention as unconstitutional (*i.e. Zadvydas* claim), be denied. It was also recommended that Petitioner's due process claim be denied. Further, it was recommended that Petitioner's case be closed.

On May 11, 2012, the Court adopted our R&R in Petitioner 's Civil No. 11-2184 case, and granted, in part, the Petitioner's second Petition for a Writ of Habeas Corpus. The Court

---

[2]As Petitioner again recognized in his Civil No. 11-2184 case, this Court had venue and jurisdiction with respect to his habeas petition challenging his continued physical custody by ICE at YCP. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (finding that a petition pursuant to 28 U.S.C. § 2241 challenging an alien's present physical custody in the United States should be filed in the district where the petitioner is confined). Petitioner also named the correct Respondent, YCP Warden Sabol. *See* 28 U.S.C. § 2242 and §2243. *See also Jado v. Decker*, 2009 WL 1456595, *1, n. 1 (M.D. Pa.)("The only properly named Respondent in a federal habeas corpus action is the applicant's custodial official.").

ordered DHS to provide Petitioner with a bond hearing within 21 days. The Court also stated that Petitioner could file a motion to reopen his Civil No. 11-2184 habeas case if he was not afforded a bond hearing within 21 days.

On September 19, 2012, Petitioner Pierre filed his third petition for writ of habeas corpus, pursuant to §2241, with this Court. *See* Civil No. 12-1869, M.D. Pa. We note that Petitioner actually used the case number in his Civil No. 11-2184 habeas case in the caption of his habeas petition which was filed as a new case and docketed in Civil No. 12-1869. Petitioner stated in his Civil No. 12-1869 habeas petition that he was still a detainee of ICE at YCP, and that he was scheduled to be transferred to Elizabeth Detention Center in New Jersey on September 24, 2012, for a state court Post Conviction Relief hearing.

According to Petitioner's background stated in his Civil No. 12-1869 habeas petition, on May 17, 2012, Petitioner had a bond hearing before an immigration judge, pursuant to the Court's Order in his Civil No. 11-2184 case. (Civil No. 12-1869, Doc. 1, p. 2). Petitioner stated that the immigration judge held that he was not a danger to the community but that he was a flight risk. Petitioner stated that the immigration judge held that he could be released from confinement on $100,000 bail. Petitioner stated that he then filed an appeal with the Board of Immigration Appeals ("BIA") on August 24, 2012, and that the BIA denied his motion to reduce the amount of his bail. (Civil No. 12-1869, Doc. 1, p. 2).

As stated, Petitioner Pierre filed on September 19, 2012, his third §2241 habeas petition with this Court which was docketed as Civil No. 12-1869. It appeared that Petitioner was trying to re-open and re-file his habeas petition in his Civil No. 11-2184 case since he was not released on bond by the immigration judge. However, the District Court only stated that Petitioner could file a motion to reopen his Civil No. 11-2184 habeas case if he was not afforded a bond hearing within 21 days. Petitioner was given a bond hearing within 21 days. Nonetheless, the Clerk of Court docketed Petitioner's September 19, 2012 habeas petition to Civil No. 12-1869.

At the time Petitioner filed his September 19, 2012 habeas petition in Civil No. 12-1869,

Petitioner was still detained by ICE and confined at YCP. In his Civil No. 12-1869 habeas petition, Petitioner contended that his continued detention by ICE was unconstitutional. (Doc. 1). Petitioner also claimed that he was not subject to mandatory detention by ICE under INA §237(a)(2)(A)(iii).

In October 2012, Petitioner was temporarily transferred from YCP to a Detention Facility in Elizabeth, New Jersey, for a hearing on an appeal he filed regarding a state court conviction in New Jersey. Petitioner was transferred back to YCP on February 7, 2013. (Doc. 14). Petitioner was then transferred to Pike County Correctional Facility and he remained there until sometime in early June, 2013, at which time he was transferred back to YCP.

On November 15, 2012, we issued a Show Cause Order and directed the service of Petitioner 's habeas petition on Respondents and directed Respondents to respond to it. (Doc. 8, 12-1869). On December 5, 2012, Respondents filed their Response to the habeas petition with Exhibits. (Doc. 10, 12-1869). On December 21, 2012, Petitioner filed his Traverse. (Doc 12, 12-1869). On February 14, 2013, Petitioner filed a Supplemental Brief in support of his habeas petition. (Doc. 15, 12-1869). Petitioner filed Supplemental Evidence on April 1 and April 5, 2013. (Docs. 16 and 17, 12-1869). Petitioner's evidence included a copy of ICE Field Office Director Thomas Decker's Decision to Continue Petitioner's Detention. The Decision to Continue Petitioner's Detention was issued by Decker on March 12, 2013. (Doc. 16, pp. 2-3, 12-1869). Petitioner stated that he had been detained by ICE "past the (180) days after [being] in [d]etention for (931) days [as of March 27, 2013]." (Doc. 16, 12-1869). Petitioner also stated that the Consulate of Antigua and Barbuda told the United States Government that it would not issue any travel document for Petitioner. (*Id*., p. 1). Petitioner stated that ICE had been trying to get his travel document for over six months but to no avail. Petitioner contended that it was not likely that his removal to Antigua and Barbuda would happen in the near future, and he requested this Court to order his release from detention on supervision or to order the immigration judge to give him a new bond hearing. *(Id.)*.

As mentioned, Petitioner was temporarily transferred from YCP to a detention facility in

Elizabeth, New Jersey, in October 2012. Petitioner was transferred back to YCP in York, Pennsylvania, on February 7, 2013. (Doc. 14). Subsequently, Petitioner was confined in Pike County Correctional Facility ("PCCF"). It now appears that Petitioner was recently returned to YCP. Thus, Petitioner is still confined in the Middle District of Pennsylvania. Additionally, the proper Respondent in Petitioner 's Civil No. 12-1869 case is now Warden May Sabol of YCP.

In Petitioner's Civil No. 12-1869 habeas petition, we issued a Report and Recommendation on June 10, 2013. We recommended that Petitioner's Habeas Petition (Doc. 1), to the extent that it challenges his continued detention as unconstitutional (*i.e. Zadvydas* claim), be granted and, we recommended that the Court direct ICE to conduct another custody review of Petitioner within the next thirty (30) days to determine whether Petitioner is a flight risk and a danger to the community.

While his 12-1869 habeas petition was still pending with this Court, Petitioner, while he was confined at PCCF, filed his fourth §2241 habeas petition, on May 29, 2013. (Doc. 1, Civil No. 13-1441). In his fourth habeas petition, Civil No. 13-1441, Petitioner named the Respondent as Craig Lowe, Warden at PCCF. However, as stated, Petitioner advised the Clerk of Court *via* a telephone call on June 4, 2013, in his Civil No. 13-1441 case, that he was transferred back to YCP. When we issued our Report and Recommendation in Petitioner's Civil No. 12-1869 habeas case on June 10, 2013, we were unaware that Petitioner was transferred from PCCF back to YCP. There was no change of address filed in Petitioner 's 12-1869 case.

In his 13-1441 case, Petitioner paid the filing fee on May 31, 2013. (Doc. 4). Named as sole Respondent in Petitioner's fourth habeas petition is Craig A. Lowe, the Warden at PCCF.[3] Petitioner 's 13-1441 habeas petition has not yet been served on Respondent for a

---

[3]Petitioner initially named the correct Respondent in his 13-1441 case since he was confined at PCCF at the time he filed it. However, as stated above, Petitioner was recently transferred back to YCP. The Warden at YCP is now the only proper Respondent in both Petitioner's 12-1869 case and his 13-1441 case. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner correctly filed his latest habeas petition with this Court since

response.[4]

We now give preliminary consideration to Petitioner's 13-1441 habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to § 2241 petitions under Rule 1(b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[5]

We find that the Court should consolidate Petitioner 's 13-1441 habeas case into his pending 12-1869 habeas case.

**II.     Claims of Habeas Petition, 13-1441.**

In his instant habeas petition, 13-1441, like his prior habeas petitions, 12-1869 (pending), 11-2184, and 10-2634, Petitioner again challenges his continued prolonged detention while he is waiting to be removed. Similar to his claims in his Civil No. 12-1869 habeas petition, Petitioner contends in his Civil No. 13-144 habeas petition that his continued detention by ICE pending the decision of the Third Circuit Court of Appeals regarding his petition for review is unconstitutional. (Doc. 1). Petitioner also again claims that he is not subject to mandatory detention by ICE under INA §237(a)(2)(A)(iii).

As we stated in our Doc. 18 R&R issued in Petitioner 's 12-1869 case, on May 10, 2012, Petitioner had a hearing before the IJ and the IJ again ordered Petitioner removed from the Untied States to Antigua and Barbuda. (Doc. 10, Ex. 15, 12-1869). Petitioner appealed the IJ's decision to the BIA and the BIA affirmed the IJ's decision and dismissed Petitioner 's appeal.

---

he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

[4]Since we recently stated the complete factual background of Petitioner's case in our recent R&R issued in his 12-1869 case, we do not repeat it herein. (*See* Doc. 18, 12-1869).

[5]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

(*Id.*, Doc. 16). Petitioner then filed a petition for review with the Third Circuit Court of Appeals on September 12, 2012. Petitioner also filed a Motion to Stay his Removal and the Third Circuit denied this Motion. (*Id.*, Ex. 17). Petitioner's appeal to the Third Circuit regarding the IJ's May 10, 2012 Order that Petitioner be removed from the Untied States to Antigua and Barbuda is still pending.

Thus in his present habeas petition, like his 12-1869 habeas petition, Petitioner challenges the authority of ICE to continually detain him while he is waiting for the Third Circuit Court to make a decision in his immigration case and his appeal of his removal order. Petitioner claims that he does not pose a flight risk and a danger to the community and, he again requests that this Court order ICE to give him another bond hearing. Petitioner states that ICE took custody of him on September 10, 2009, and "it will be almost a ("1000 days") [he] has been in Detention." (Doc. 1, p. 6, 13-1441). Petitioner also states that he has been transferred over seven times to different prisons since he has been in ICE custody. As mentioned, Petitioner was very recently transferred from PCCF back to YCP.

Thus, as relief in both of his pending habeas cases, 12-1869 and 13-1441, Petitioner requests that this Court to order ICE to give him another individualized bond hearing at which he would be able to prove he is neither dangerous, nor a flight risk. (Doc. 1, p. 6). As stated, in Petitioner's 12-1869 case, we recently recommended that Petitioner's habeas petition (Doc. 1, 12-1869), to the extent that it challenged his continued detention as unconstitutional be granted and, we recommended that the Court direct ICE to conduct another custody review of Petitioner within thirty (30) days to determine whether Petitioner posed a flight risk danger to the community. Thus, we recommended that the Court grant in part Petitioner's request for relief in his 12-1869 case. In doing so, we find that we have recommended granting the full relief Petitioner now seeks in his new 13-1441 habeas case. We find tremendous overlap of facts, law, and relief in the Petitioner's most recent habeas case and in his 12-1869 case, and we shall recommend that the cases be consolidated.

**III.	Discussion.**

*1. Consolidation of Civil Action No. 1:CV-12-1869 into Civil Action No. 1:CV-13-1441*

Rule 42(a) of the Federal Rules of Civil Procedure states that:

When actions involving a common question of
law or fact are pending before the court, it
may order a joint hearing or trial of any or all
the matters in issue in the actions consolidated;
and it may make such orders concerning proceedings
therein as may tend to avoid unnecessary costs
or delay.

Petitioner's two habeas petitions filed in cases in Civil Action No. 1:CV-12-01869 and Civil Action No. 1:CV-13-01441 have been reviewed, and as detailed above, we find that they involve common questions of law and fact regarding the constitutional and statutory claims raised in both cases. Additionally, as stated, we find that both habeas petitions seek similar relief. Also, in Petitioner 's 12-1869 case, we recently recommended that the Court direct ICE to conduct another custody review of Petitioner within thirty (30) days to determine whether Petitioner posed a flight risk danger to the community. This is the exact relief Petitioner seeks in his 13-1441 case.

Accordingly, pursuant to Rule 42(a), we shall recommend that Petitioner Pierre's Petitions for Habeas Corpus No. 1:CV-12-1869 and No. 1:CV-13-1441 be consolidated and, that the matter proceed under Civil Action No. 1:CV-12-1869. *See Oliver v. Tennis*, 2008 WL 4755558 (M.D. Pa.); *James v. Wal Mart*, 3:CV-08-1821, M.D. Pa.; *Bradley v. Family Dollar, Inc.*, Civil Action No. 1:CV-10-2299, M.D. Pa.

**IV.     Recommendation.**

Based on the above, it is respectfully recommended that, pursuant to Rule 42(a), Petitioner Pierre's Petitions for Habeas Corpus be consolidated. It is also recommended that Petitioner's Civil Action No. 1:CV-13-1441 be consolidated into Civil Action No.1:CV-12-1869, and that Civil Action No. 1:CV-13-1441 be closed. It is recommended that the matter proceed under Civil Action Number 1:CV-12-1869.


                                                  s/ Thomas M. Blewitt
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: June 11, 2013**

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVE PIERRE, | : | CIVIL ACTION NO. **1:CV-12-1869** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : | |
| Respondents | : | |

| | | |
|---|---|---|
| DAVE PIERRE, | : | CIVIL ACTION NO. **1:CV-13-1441** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| CRAIG A. LOWE, WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 11, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record

developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: June 11 , 2013**