IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVE PIERRE,
    Petitioner

v.          CIVIL NO. 1:12-CV-1869

DEPARTMENT OF HOMELAND     (Judge Caldwell)
SECURITY, et al.
    Respondents

*M E M O R A N D U M*

This is a 28 U.S.C. § 2241 petition filed pro se by Dave Pierre, an ICE detainee, challenging his continued detention while he awaits removal to his native country of Antigua and Barbuda ("Antigua"). We are considering his motion under Fed. R. Civ. P. 60(b)(6) for relief from our order of August 13, 2013. In that order, we denied his habeas petition, finding that his detention does not violate due process.

As we explained in the memorandum accompanying the order, Petitioner's current confinement is governed by 8 U.S.C. § 1231. *Pierre v. Dep't of Homeland Security*, 2013 WL 4083777, at *4. The validity of his continued detention is thus governed by *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Under *Zadvydas*, the detention is lawful because at the time we considered his 2241 petition, Pierre had only been in section 1231 custody for about eleven months, a reasonable period of confinement, *id.* at 5, and because Petitioner had not met his burden of showing that his removal would not occur in the reasonably foreseeable future.

*Id.* We advised Petitioner that he could file another 2241 petition if time passed with no progress on removal, "especially if specific events occur[red] indicating he [would] not be removed in the reasonably foreseeable future." *Id.*

In his Rule 60(b)(6) motion, Petitioner argues that: (1) we failed to advise him when his detention would become unreasonable as he had already been in detention for about thirty-five months, counting his pre-removal period of confinement under 8 U.S.C. § 1226; (2) detention is unlawful under *Zadvydas*; (3) Antigua has still not issued any travel documents; (4) Petitioner left Antigua when he was two or three years old and the information Antigua wants now to allow him into the country cannot be obtained; (5) Petitioner cannot return to Antigua because he never lived there for any real period of time, never had identification from there, and never had an address there, having lived all his life in the Virgin Islands; and (6) our reliance on *Faustov v. Napolitano*, No. 13-CV-1018, 2013 WL 3474766, at \*5 (M.D. Pa. July 10, 2013), for concluding that his eleven-month period of detention is reasonable, was misplaced because *Faustov* is factually distinguishable.

We see no reason to grant relief from the judgment under Rule 60(b)(6).[1]
That subsection of Rule 60(b) requires exceptional circumstances. *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Petitioner is disagreeing with our decision to deny him release, but upon review of his arguments, we decide that our August 13, 2013, order was correct, for the reasons given in the memorandum accompanying that order. Petitioner's disagreement with our decision is not extraordinary circumstances.[2]

We add the following. Petitioner complains that we have not told him exactly how long his detention must be before it becomes unreasonable. We cannot do so because removal proceedings do not fit a particular time line. Additionally, we advised Petitioner that he had the burden of showing that his removal would not occur in the

---

[1] Federal Rule Civil Procedure 60(b) allows a party relief from a final judgment or order based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Subsection (6), the section Petitioner invokes here, is the catchall provision.

[2] Petitioner's motion might better have been filed as a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment. However, it would not succeed under Rule 59(e) either as that Rule cannot be used merely to relitigate arguments already disposed of. See *Blanchard v. Gallick*, No. 09-1875, 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011) (Caldwell, J.)(citing *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

reasonably foreseeable future, and he has still not met that burden. He has provided us only with his own statements, and only in briefs, that he cannot return to Antigua because he never really lived there. He has not provided any specific information, for example, from any communication he has had with Antiguan authorities, or with American immigration officials, to support that contention. Nor has he made any statements under penalty of perjury. His submission of September 24, 2013, an ICE "Decision to Continue Detention," does not assist him. It informs him he will remain in detention and that "ICE is currently working with the government of Antigua Barbuda, in order to obtain a travel document for your removal from the United States." (Doc. 27, ECF P. p. 4). Nothing in this document indicates that he will not be successfully removed to Antigua. Finally, we did not cite *Faustov* because of its factual similarity to Petitioner's case, but because it had collected cases indicating that Petitioner's eleven-month period of detention was reasonable.

We again advise Petitioner that at some point his detention might violate due process. We have only ruled on the facts presented in this case. If he continues to be detained without being released or removed to Antigua, he should file another 2241

petition challenging his detention, especially if specific events occur indicating he will not be removed in the reasonably foreseeable future.

        We will issue an appropriate order.

                                          /s/ William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge

Date: October 9, 2013